# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1451 | **DATE** | 5/14/2004 |
| **CASE TITLE** | Great American Insurance Co. vs. K & R Transportation, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing is set for 5/27/04 at 9:30 a.m.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion to remand (4-1) is denied. Ruling date on motion to remand of 5/20/04 is stricken..

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | MAY 17 2004 | |
| ✓ | Notices mailed by judge's staff. | | date docketed | 9 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/14/04 | |
| CW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | cw mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY | DOCKETED MAY 17 2004 |
| Plaintiff, | |
| v. | No. 04 C 1451 |
| | Paul E. Plunkett, Senior Judge |
| K & R TRANSPORTATION, INC., and SONY ELECTRONICS, INC. | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff's 28 U.S.C. §1447(c) motion to remand the action to the Illinois Circuit Court of Cook County. For the reasons stated below, the motion is denied.

### Background

Plaintiff Great American Insurance Company ("Great American") is an Ohio insurance company. K&R Transportation, Inc. ("K&R") is an Illinois corporation with its principal place of business in Waukegan, Illinois. Sony Electronics, Inc. ("Sony") is a Delaware corporation. In December 2003, Great American filed a complaint for declaratory judgment in Illinois state court against K&R and Sony. The complaint styled the action as one concerning the rights and obligations of Great American under certain inland marine insurance policies it issued to K&R.

Sony removed this case to federal court in February 2004 under 28 U.S.C. § 1446, claiming diversity jurisdiction, jurisdiction under 28 U.S.C. § 1352 (bonds executed under federal law) and



jurisdiction under 28 U.S.C. § 1337(a) (commerce and antitrust regulations). Great American has filed a motion to remand under 28 U.S.C. § 1447(c) on the grounds that Sony failed to obtain consent for removal from co-defendant K&R and that there is no federal question jurisdiction. Sony opposes the motion, saying that K&R's consent was unnecessary for the removal petition and that both diversity and federal question jurisdiction exist.

## Discussion

We first address the issue of whether we have jurisdiction over this matter. This Court has jurisdiction over a removed case if the case could have been brought in federal court initially. 28 U.S.C. § 1441(a) (1994); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Jurisdiction must exist at the time of removal. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir. 1993).

Sony argues that this Court's jurisdiction over this case is based on both diversity of citizenship and the existence of a federal question. Great American argues that there is no federal question jurisdiction because the action is a declaratory judgment action filed in state court to fix the rights of the parties under an insurance contract. Great American does not address the diversity issue.

We find that we do have jurisdiction over this case under the diversity requirements set out in 28 U.S.C. § 1332(a). First, complete diversity among the parties exists. Under 28 U.S.C. § 1332(c), a corporation is deemed to be a citizen of any state where it has been incorporated and of the state where it has its principal place of business. According to Sony's representations, Great American is an Ohio corporation with its principal place of business in Ohio, Sony is a Delaware

corporation with its principal place of business in New Jersey and K&R is an Illinois corporation with its principal place of business in Illinois. (Notice of Removal at ¶¶ 3, 4, 5.) Inasmuch as Great American does not challenge these representations (in fact, it is silent in its memoranda on the issue of diversity), the Court will take them as true and thus finds the requisite diversity of citizenship.[1] *See* 28 U.S.C. § 1332(a)(1) (1993 and Supp. 2003). In addition, the Court finds that the amount in controversy is sufficient to support jurisdiction.[2] *See id.;* Compl. ¶ 15 (indicating $261,559.40 potentially at issue).

We now address whether the removal procedure was deficient. Generally, all defendants must join in a removal petition or consent to such removal. *Chicago, Rock Island, & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900); *Northern Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir. 1982). A petition that is not signed by all named defendants is considered defective if it does not explain the absence of a co-defendant. *Northern Ill. Gas Co.*, 676 F.2d at 273. A removed matter must be remanded if there are any defects in the removal procedure. *Shaw*, 994 F.2d at 366.

Great American challenges Sony's notice of removal on the grounds that Sony failed to obtain K&R's consent to the removal and failed to affirmatively explain K&R's absence from the

---

[1] In its complaint, Great American states that it and Sony are "licensed" in Illinois and K&R's principal place of business is in Illinois. (Compl. ¶¶ 3, 4, 5.) For diversity of citizenship analysis, a corporation is deemed to be a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1) (1993). Where a corporation is licensed is not necessarily the same as where it has its principal place of business. *See Maple Leaf Bakery v. Raychem Corp.*, 1999 WL 1101326 (N.D. Ill. Nov. 29, 1999) (discussing Seventh Circuit's "nerve center test" for determining principal place of business of corporations). We find it curious that Great American would mention one party's principal place of business but omit that information with respect to the other parties to the action. We also note that 28 U.S.C. § 1441(b) does not preclude removal in this case because K&R, a citizen of the state where the action is brought, was not served before the removal notice was filed. (Mot. to Remand Ex. C ¶ 2 (affidavit of Great American's counsel representing that K&R was served with the complaint and summons through its registered agent on February 26, 2004, two days after the notice of removal was filed).)

[2] Having found diversity of citizenship jurisdiction exists, we need not address whether federal question jurisdiction exists.

notice of removal. It is true that K&R has not joined in Sony's notice of removal. However, this does not make Sony's notice of removal defective. The Seventh Circuit recognizes an exception to the joinder/consent rule for defendants who have not been served at the time the removal petition is filed. *See Shaw*, 994 F.2d at 369; *P. P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 547-48 (7th Cir. 1969). Sony filed its notice of removal on February 24, 2004; K&R was not served until February 26, 2004. (Mot. to Remand Ex. C.) Under this exception, K&R's consent was not required.

Great American goes on to say that Sony did not give that particular explanation in its notice. Instead, Sony states in its notice that K&R is no longer in business and therefore it could not obtain K&R's consent. Great American says that although K&R was dissolved in 2002, under Illinois law, an Illinois corporation survives its dissolution and can sue, be sued and be served via its registered agent for five years after dissolution. Thus, says Great American, Sony's explanation for K&R's absence from the notice of removal is not sufficient to have relieved Sony from obtaining K&R's consent to removal.

We are not persuaded by Great American's arguments. In its notice of removal, Sony explained the steps it took to investigate K&R's legal status and its reasons for not including K&R's consent to the removal. It did not simply ignore K&R's existence or the requirement that K&R join in the notice of removal. *Cf. Shaw*, 994 F.2d at 368 (where defendant neglected to explain in notice of removal co-defendants' failure to consent to removal, court would not "punish" defendant for "technicality"). Moreover, Sony has provided evidence that it did make some attempt (albeit belatedly, it seems) to inquire about K&R's registered agent's intentions with respect to this litigation. (Opp'n to Mot. to Remand Ex. 1.) The registered agent's attorney has indicated that K&R

will not be participating in this case. (*Id.*) We do not find Sony's notice of removal defective for its failure to include K&R's consent. *See Shaw*, 994 F.2d at 368-69 (notice of removal by only one defendant not defective because one co-defendant was served after notice of removal filed, one was dismissed before notice of removal filed and one was nominal party).

Having found jurisdiction exists and no defect in the removal procedure, Great American's motion to remand is denied and its request for costs under 28 U.S.C. § 1447(c) is dismissed as moot.

**Conclusion**

For the reasons stated above, Great American's motion to remand is denied.

**ENTER:**

UNITED STATES DISTRICT JUDGE
PAUL E. PLUNKETT

DATED: MAY 14 2004