# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1451 | **DATE** | 1/10/2005 |
| **CASE TITLE** | Great American Insurance Co. vs. K & R Transportation, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Defendant Sony Electronics, Inc.'s Rule 59(e) motion (20-1) is granted. Court amends the default judgment entered against defendant K & R Transportation, Inc. as follows: plaintiff's policy 192-69-74 with defendant K & R Transportation, Inc. is not rescinded.
Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 1 1 2005 | 25 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/10/2005 date mailed notice | |
| CW | courtroom deputy's initials | Date/time received in central Clerk's Office | cw mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JAN 1 1 2005

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   No. 04 C 1451<br>)   Paul E. Plunkett, Senior Judge |
| K&R TRANSPORTATION, INC., and SONY ELECTRONICS, INC. | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Great American Insurance Company ("Plaintiff") has filed a lawsuit against K&R Transportation, Inc. ("K&R") and Sony Electronics, Inc. ("Sony"), seeking declaratory judgment to establish that Plaintiff's insurance policies with K&R do not entitle Sony to collect for K&R's breach of contract with Sony. Sony counterclaimed, seeking to collect on K&R's breach through Plaintiff's policies with K&R. A default judgment was entered against K&R on October 21, 2004, for failure to answer or appear. The default judgment included a provision that would rescind one of Plaintiff's policies with K&R that would effectively eliminate the basis for Sony's counterclaim. Because neither the parties nor the Court intended to eliminate Sony's counterclaim based on K&R's failure to answer or appear, we will amend the default judgment against K&R so that its policy with Plaintiff is no longer rescinded.



## Legal Standard

Motions for reconsideration serve a limited function of correcting manifest errors of law or fact or presenting newly discovered evidence or an intervening change of law. *Cosgrove v. Bartolotta*, 150 F. 3d 729, 732 (7th Cir. 1998). Reconsideration is appropriate when "the Court has patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties or has made a an error not of reasoning but of apprehension." *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 139 F. Supp.2d 943, 945 (N.D. Ill. 2001) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Circ. 1990)). A motion for reconsideration cannot be used to introduce new legal theories for the first time, to raise legal arguments that could have been heard during the pendency of the previous motion, or to present evidence that could have been adduced during the pendency of the original motion. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985).

## Facts

The seeds of this dispute were sown between 1997 and 2000, when 128 shipments of merchandise that Defendant Sony contracted with Defendant K&R to carry were lost or damaged in transit. (Def. Sony's Countercl. ¶ 2.) In total, Sony alleged damages of $261,559.40. (*Id.* ¶ 3.) Sony filed suit against K&R in federal court in New Jersey, but K&R never answered the complaint. (*Id.* ¶ 10.) As a result, a default judgment was entered against K&R on November 2, 2001, in the amount of $266,925.88.(*Id.* ¶ 11.) Sony attempted to collect the sum by filing a claim with Plaintiff under a series of cargo liability insurance policies Plaintiff had issued to K&R during the years in question. (*Id.* ¶ 12.)

Plaintiff responded by filing the present lawsuit in this Court. In its complaint, Plaintiff seeks declaratory judgment to clarify its rights and liabilities under its policy with K&R. Plaintiff denies its liabilities under the policy because: (1) Sony failed to provide sufficient description of its losses; (2) K&R failed to provide timely notice of its losses or of the lawsuit Sony filed against K&R; (3) Plaintiff's policy with K&R was not in effect at the time of several of Sony's claimed losses; and (4) misrepresentations by K&R in its application for policy 192-69-74 with Plaintiff are grounds for recission of the policy. (Pl.'s Compl. ¶¶ 16, 17, 21, 27, 28, 34, 40–43.) Policy 192-69-74 was in effect from May 3, 2000, until its cancellation on September 25, 2000. (*Id.* ¶ 8.)

Sony then filed a counterclaim, alleging that Plaintiff is liable to Sony for $266,925.88 because of its policies with K&R. Sony bases its claim in part on the BMC-32 endorsement that is part of every cargo insurance policy.

Meanwhile, true to form, K&R failed to answer Plaintiff's lawsuit and never appeared in court. Plaintiff moved for a default judgment against K&R and Sony made no objections. However, the notice of the motion for default judgment Plaintiff sent to Sony on September 29, 2004, does not mention a recission of policy 192-69-74; the default judgment Plaintiff submitted to the Court on October 6, 2004 did. Recission of the policy effectively dismisses Sony's claim as well. Sony now asks the Court to amend the default judgment to preserve the policy and its claim.

## Discussion

We must first determine whether, as Plaintiff asserts, Sony lacks standing to challenge the judgment. According to Plaintiff, Sony cannot attack a judgment entered against K&R. We disagree. The default judgment as currently written deprives Sony of the opportunity to pursue its Counterclaim and hinders its ability to collect the monies K&R owes it. This is a sufficient "injury-

in-fact" to confer standing on Sony. *See In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1256 n.32 (7th Cir. 1980).

Plaintiff next attempts to argue that Sony's 59(e) motion must fail because it presents a legal argument that should have been raised before judgment was entered. According to Plaintiff, Sony's failure to object at the October 14, 2004 hearing in which the default judgment written by Plaintiff was read into the record amounts to a waiver of its right to pursue amendment through Rule 59(e). Yet Sony was not in a position to knowingly waive any such right. Plaintiff gave no indication in its notice of default judgment that the recission of the insurance policy would result. Sony read the noticed motion and determined that it had no interest in the motion. At the October 14 hearing, Plaintiff failed to present a copy of its proposed default judgment to either the Court or Sony. Instead, Plaintiff read its wishes into the record, including the recision of the insurance policy. This was hardly adequate notification to Sony that its Counterclaim would be eliminated. Moreover, once Sony learned of the damaging provision in the judgment, it acted quickly to amend it. The judgment was not entered until October 21, and Sony filed its 59(e) motion ten days later. As a result, we do not find that Sony is presenting legal arguments it could have raised before judgment was entered.

Sony is essentially asking the Court to correct a misunderstanding, precisely the kind of situation Rule 59(e) is meant to address. Evidence of this misunderstanding can be found in transcripts of the October 14 hearing, in which both parties proceeded as though Sony would continue to have a viable counterclaim after the default judgment was entered against K&R. No indication was given that Sony's claims would be dismissed as a result of K & R's failure to appear. Moreover, recission of the insurance policy would require, at minimum, a "prove-up," either in the form of affidavits or a hearing, to establish that K & R had committed the fraud alleged in the complaint. As there is no indication that any of the parties intended for Sony's counterclaim to be

disposed of at this juncture, we will amend the default judgment to reflect the understanding of the Court and the parties at the time it was entered. Accordingly, Plaintiff's policy 192-69-74 with K&R is not rescinded.

## Conclusion

Based on the foregoing, Defendant Sony's motion to amend the October 21, 2004 default judgment against Defendant K&R is granted. Plaintiff's policy 192-69-74 with Defendant K&R is not rescinded.

**ENTER:**

_____
**Senior United States District Judge**

**DATED:** JAN 1 0 2005